BILAL A. ESSAYLI
Acting United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
JENNA W. LONG (Cal. Bar No. 332192)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8692
    Facsimile: (213) 894-2927
    Email:    Jenna.Long@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-519-AB |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT EMILIANO GARDUNO GALVEZ |
| v. | |
| EMILIANO GARDUNO GALVEZ, | |
| Defendant. | |

1.    This constitutes the plea agreement between Emiliano Garduno Galvez ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to both counts of the indictment in United States v. Emiliano Garduno Galvez, CR No. 25-

1    519-AB, which charge defendant with Possession of an Unregistered

2    Destructive Device, in violation of 26 U.S.C. § 5861(d), and Civil

3    Disorder, in violation of 18 U.S.C. § 231(a)(3).

4              b.   Not contest facts agreed to in this agreement.

5              c.   Abide by all agreements regarding sentencing contained

6    in this agreement.

7              d.   Appear for all court appearances, surrender as ordered

8    for service of sentence, obey all conditions of any bond, and obey

9    any other ongoing court order in this matter.

10              e.   Not commit any crime; however, offenses that would be

11    excluded for sentencing purposes under United States Sentencing

12    Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13    within the scope of this agreement.

14              f.   Be truthful at all times with the United States

15    Probation and Pretrial Services Office and the Court.

16              g.   Pay the applicable special assessments at or before

17    the time of sentencing unless defendant has demonstrated a lack of

18    ability to pay such assessments.

19                             THE USAO'S OBLIGATIONS

20         3.   The USAO agrees to:

21              a.   Not contest facts agreed to in this agreement.

22              b.   Abide by all agreements regarding sentencing contained

23    in this agreement.

24              c.   At the time of sentencing, provided that defendant

25    demonstrates an acceptance of responsibility for the offenses up to

26    and including the time of sentencing, recommend a two-level reduction

27    in the applicable Sentencing Guidelines offense level, pursuant to

28

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2  additional one-level reduction if available under that section.

3          d.   Except for criminal tax violations (including

4  conspiracy to commit such violations chargeable under 18 U.S.C.

5  § 371), not further criminally prosecute defendant for violations of

6  Title 18 arising out of defendant's conduct described in the agreed-

7  to factual basis set forth in paragraph 12 below.  Defendant

8  understands that the USAO is free to criminally prosecute defendant

9  for any other unlawful past conduct or any unlawful conduct that

10  occurs after the date of this agreement.  Defendant agrees that at

11  the time of sentencing the Court may consider the uncharged conduct

12  in determining the applicable Sentencing Guidelines range, the

13  propriety and extent of any departure from that range, and the

14  sentence to be imposed after consideration of the Sentencing

15  Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

16                      NATURE OF THE OFFENSES

17      4.   Defendant understands that for defendant to be guilty of

18  the crime charged in count one, that is, Possession of an

19  Unregistered Destructive Device, in violation of Title 26, United

20  States Code, Section 5861(d), the following must be true: (1)

21  defendant knowingly possessed a destructive device, namely, an

22  incendiary device commonly known as a Molotov cocktail; (2) defendant

23  was aware that the Molotov cocktail was an incendiary bomb, grenade,

24  or similar device; and (3) defendant had not registered the Molotov

25  cocktail with the National Firearm Registration and Transfer Record.

26      5.   Defendant understands that for defendant to be guilty of

27  the crime charged in count two, that is, Civil Disorder, in violation

28  of Title 18, United States Code, Section 231(a)(3), the following

must be true: (1) a civil disorder existed at the time; (2) such civil disorder was resulting in interference with a federally protected function or in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce; (3) one or more law enforcement officers were lawfully engaged in performance of official duties incident to and during commission of such civil disorder; and (4) defendant knowingly committed or attempted to commit any act for the intended purpose of obstructing, impeding, or interfering, either by himself or with someone else with such law enforcement officer or officers.

<u>PENALTIES</u>

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 5861(d), as charged in count one, is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 231(a)(3), as charged in count two, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years' imprisonment; a three-year period of supervised release; a fine of $500,000 or the sum of $250,000 and twice the gross gain or gross loss resulting from count two, whichever is greatest; and a mandatory special assessment of $200.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.

1    Defendant understands that while there may be arguments that

2    defendant can raise in immigration proceedings to avoid or delay

3    removal, removal is presumptively mandatory and a virtual certainty

4    in this case.  Defendant further understands that removal and

5    immigration consequences are the subject of a separate proceeding and

6    that no one, including his attorney or the Court, can predict to an

7    absolute certainty the effect of his convictions on his immigration

8    status.  Defendant nevertheless affirms that he wants to plead guilty

9    regardless of any immigration consequences that his pleas may entail,

10    even if the consequence is automatic removal from the United States.

11                                FACTUAL BASIS

12        12.  Defendant admits that defendant is, in fact, guilty of the

13    offenses to which defendant is agreeing to plead guilty.  Defendant

14    and the USAO agree to the statement of facts provided below and agree

15    that this statement of facts is sufficient to support pleas of guilty

16    to the charges described in this agreement and to establish the

17    Sentencing Guidelines factors set forth in paragraph 14 below but is

18    not meant to be a complete recitation of all facts relevant to the

19    underlying criminal conduct or all facts known to either party that

20    relate to that conduct.

21        On June 7, 2025, at approximately 7:15 p.m., defendant lit and

22    threw a destructive device, namely, a Molotov cocktail towards Los

23    Angeles Sheriff's Department ("LASD") deputies in the vicinity of

24    Hunsaker Avenue and Alondra Boulevard in Paramount, California,

25    within the Central District of California.  Defendant threw the

26    Molotov cocktail intending to obstruct, interfere with, and impede

27    the LASD deputies who were lawfully engaged in performance of

28    official duties, as further described below.

At this time and location, defendant was present during a civil disorder, meaning a public disturbance involving acts of violence by an assemblage of more than three individuals that caused immediate danger of and resulted in damage to property or person of another individual. Specifically, groups of individuals in the vicinity of Hunsaker Avenue and Alondra Boulevard in Paramount, California amassed around personnel of federal agencies, and later local law enforcement as well, all of whom were lawfully engaged in the performance of official duties. The group of individuals threw objects, including rock or chunks of cinder blocks, at federal and local law enforcement; lit objects on fire; and set off fireworks in the direction of law enforcement. That civil disorder interfered with a federally protected function, namely, the coordination of federal agencies' personnel and preparation for immigration enforcement activities. The civil disorder also obstructed, delayed, and adversely affected commerce. Specifically, the Home Depot Center (a business engaged in interstate commerce) at this location had to close its business temporarily because of the civil disorder and had products stolen during the civil disorder, including cinder blocks that were thrown at law enforcement. The streets in this area were also blocked by the civil disorder and, at times, objects individuals lit on fire, thereby affecting access to the Home Deport Center and other commercial establishments in the area.

At approximately 7:15 p.m., law enforcement officers, namely, LASD deputies, were lawfully engaged in performance of their official duties incident to the civil disorder. Specifically, LASD were engaged in crowd control and attempting to protect property and maintain order in the streets. Defendant was present and saw the

1  LASD deputies engaged in their official duties.  While present,

2  defendant possessed a Molotov cocktail.  As the LASD deputies

3  attempted to disperse and move the crowd back from their location,

4  defendant moved along with other members of the crowd before stopping

5  and watching as the LASD deputies moved closer to defendant and

6  members of the crowd.  Defendant then went behind a stone wall, lit

7  the wick inside the Molotov cocktail, and then threw the Molotov

8  cocktail over the wall towards where he had seen the LASD deputies

9  advancing from.  Defendant knowingly lit and threw the Molotov

10  cocktail intending that it obstruct, impede, and interfere with the

11  law enforcement officers and their duties.

12      The Molotov cocktail defendant threw consisted of a breakable

13  glass bottle, a flammable liquid, and a source of ignition (like a

14  wick).  Defendant knew the Molotov cocktail he lit and threw had

15  these features and thereby knew that it was an incendiary bomb,

16  grenade, or similar device.  Defendant had never registered this

17  Molotov cocktail, nor any destructive device, with the National

18  Firearms Registration and Transfer Record.

19      The Molotov cocktail defendant threw landed in a grassy area

20  near the foot of a protestor and approximately 15 feet from the LASD

21  deputies defendant threw it towards.  Defendant ran from the

22  vicinity.

23                        SENTENCING FACTORS

24      13.  Defendant understands that in determining defendant's

25  sentence the Court is required to calculate the applicable Sentencing

26  Guidelines range and to consider that range, possible departures

27  under the Sentencing Guidelines, and the other sentencing factors set

28  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

14.    Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2K2.1(a)(4)(B)(i)(II) and (ii)(I) |
| Specific Offense Characteristic [destructive device]: | +2 | U.S.S.G. § 2K2.1(b)(3)(B) |
| Specific Offense Characteristic [used in connection with another felony]: | +4 | U.S.S.G. § 2K2.1(b)(6)(B) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Specifically, defendant understands and agrees that the USAO reserves the right to argue that either a three or six-level adjustment under U.S.S.G. § 3A1.2 applies, notwithstanding the above.  Defendant understands and agrees that defendant's base offense level could be increased if defendant has a prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1.  If defendant's base offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

15.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

18.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

19.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding to an offense level of 26 and a criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of

1    this Court; the drug testing conditions mandated by 18 U.S.C.

2    §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

3    authorized by 18 U.S.C. § 3563(b)(7).

4         20.  Defendant also gives up any right to bring a post-

5    conviction collateral attack on the convictions or sentence, except a

6    post-conviction collateral attack based on a claim of ineffective

7    assistance of counsel, a claim of newly discovered evidence, or an

8    explicitly retroactive change in the applicable Sentencing

9    Guidelines, sentencing statutes, or statutes of conviction.

10   Defendant understands that this waiver includes, but is not limited

11   to, arguments that the statutes to which defendant is pleading guilty

12   are unconstitutional, and any and all claims that the statement of

13   facts provided herein is insufficient to support defendant's pleas of

14   guilty.

15        21.  The USAO agrees that, provided (a) all portions of the

16   sentence are at or below the statutory maximum specified above and

17   (b) the Court imposes a term of imprisonment within or above the

18   Guidelines range corresponding to an offense level of 29 and the

19   criminal history category calculated by the Court, the USAO gives up

20   its right to appeal any portion of the sentence.

21        WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

22        22.  Defendant agrees that: (i) any statements made by

23   defendant, under oath, at the guilty plea hearing; (ii) the agreed to

24   factual basis statement in this agreement; and (iii) any evidence

25   derived from such statements, shall be admissible against defendant

26   in any action against defendant, and defendant waives and gives up

27   any claim under the United States Constitution, any statute, Rule 410

28   of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

23. Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

24. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

2      25.  Defendant agrees that if any count of conviction is

3  vacated, reversed, or set aside, the USAO may: (a) ask the Court to

4  resentence defendant on any remaining count of conviction, with both

5  the USAO and defendant being released from any stipulations regarding

6  sentencing contained in this agreement, (b) ask the Court to void the

7  entire plea agreement and vacate defendant's guilty plea on any

8  remaining count of conviction, with both the USAO and defendant being

9  released from all their obligations under this agreement, or

10  (c) leave defendant's remaining conviction, sentence, and plea

11  agreement intact.  Defendant agrees that the choice among these three

12  options rests in the exclusive discretion of the USAO.

13

<u>EFFECTIVE DATE OF AGREEMENT</u>

14      26.  This agreement is effective upon signature and execution of

15  all required certifications by defendant, defendant's counsel, and an

16  Assistant United States Attorney.

17

<u>BREACH OF AGREEMENT</u>

18      27.  Defendant agrees that if defendant, at any time after the

19  signature of this agreement and execution of all required

20  certifications by defendant, defendant's counsel, and an Assistant

21  United States Attorney, knowingly violates or fails to perform any of

22  defendant's obligations under this agreement ("a breach"), the USAO

23  may declare this agreement breached.  All of defendant's obligations

24  are material, a single breach of this agreement is sufficient for the

25  USAO to declare a breach, and defendant shall not be deemed to have

26  cured a breach without the express agreement of the USAO in writing.

27  If the USAO declares this agreement breached, and the Court finds

28  such a breach to have occurred, then: (a) if defendant has previously

14

1  entered guilty pleas pursuant to this agreement, defendant will not

2  be able to withdraw the guilty pleas, and (b) the USAO will be

3  relieved of all its obligations under this agreement.

4      28.  Following the Court's finding of a knowing breach of this

5  agreement by defendant, should the USAO choose to pursue any charge

6  that was either dismissed or not filed as a result of this agreement,

7  then:

8          a.  Defendant agrees that any applicable statute of

9  limitations is tolled between the date of defendant's signing of this

10  agreement and the filing commencing any such action.

11          b.  Defendant waives and gives up all defenses based on

12  the statute of limitations, any claim of pre-indictment delay, or any

13  speedy trial claim with respect to any such action, except to the

14  extent that such defenses existed as of the date of defendant's

15  signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL
## SERVICES OFFICE NOT PARTIES

18      29.  Defendant understands that the Court and the United States

19  Probation and Pretrial Services Office are not parties to this

20  agreement and need not accept any of the USAO's sentencing

21  recommendations or the parties' agreements to facts or sentencing

22  factors.

23      30.  Defendant understands that both defendant and the USAO are

24  free to: (a) supplement the facts by supplying relevant information

25  to the United States Probation and Pretrial Services Office and the

26  Court, (b) correct any and all factual misstatements relating to the

27  Court's Sentencing Guidelines calculations and determination of

28  sentence, and (c) argue on appeal and collateral review that the

15

Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

16

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        33.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    BILAL A. ESSAYLI
     Acting United States Attorney
9

10   _____          September 23, 2025
     JENNA W. LONG                             Date
11   Assistant United States Attorney

12   _____          09/23/25
13   EMILIANO GARDUNO GALVEZ                   Date
     Defendant
14
     _____          9/23/25
15
     ELENA ROSE SADOWSKY                       Date
16   Deputy Federal Public Defender

17   Attorney for Defendant
     EMILIANO GARDUNO GALVEZ
18

19

20

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        09/23/25
EMILIANO GARDUNO GALVEZ                  Date
Defendant

18

1    CERTIFICATION OF DEFENDANT'S ATTORNEY

2         I am Emiliano Garduno Galvez's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of his rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   guilty pleas pursuant to this agreement.

16

17

18   _____        9/23/25
     ELENA ROSE SADOWSKY                     Date _____
     Deputy Federal Public Defender

19
     Attorney for Defendant
20   EMILIANO GARDUNO GALVEZ

21

22

23

24

25

26

27

28